UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**TAHER SHRITEH,**

    **Plaintiff,**

**v.**      Case No.:

**NEWS CORPORATION,**
**NEW YORK POST,**
**NYP HOLDINGS, INC.,**
**JOSH CHRISTENSON,**
**in his individual and professional capacity**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TAHER SHRITEH ("SHRITEH"), sues Defendants NEWS CORPORATION, NEW YORK POST, NYP HOLDINGS, AND JOSH CHRISTENSON (collectively "Defendants") and in support thereof, Plaintiff alleges the following:

### INTRODUCTION

1. This is an action for damages in excess of $75,000.00 for libel arising from Defendants' transmission and publication of intentionally false and defamatory statements to numerous third parties regarding Plaintiff, TAHER SHRITEH. Specifically, as described herein in greater detail, on March 10, 2025, Defendants published an article containing several material false and defamatory statements intended to tarnish SHRITEH's reputation.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as the parties are diverse and the amount in controversy is greater than seventy-five thousand dollars ($75,000), excluding interest and costs.

3. This Court has personal jurisdiction over Defendants pursuant to Florida Statute §48.193(2) because Defendants, during the applicable period alleged in the Complaint, engaged in substantial and directed business activities in Florida and this District. Specifically, Defendants disseminate and circulate articles written by JOSH CHRISTENSON, directed at Florida, which are regularly read by individuals in Florida.

4. Additionally, this Court possesses personal jurisdiction over Defendants pursuant to: (1) Florida Statute §48.193(1)(a)(1) on the grounds that Defendants operate, conduct, engage in, or carry on a business in this state or have an office within this state, (2) Florida Statute §48.193(1)(a)(2) on the grounds that Defendants committed a tortious act in Florida, and (3) Florida Statute §48.193(1)(a)(6) as Defendants caused injury to Plaintiff within this state arising out of an act or omission by Defendants outside Florida, while at the time of Plaintiff's injury, products, materials, or things services by Defendants were used or consumed within this state in the ordinary course of commerce, trade, or use.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) because at a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District following the transmission and publication of the false and defamatory statements. Also, Defendants are subject to this Court's personal jurisdiction for this action.

## PARTIES

6. Plaintiff, SHRITEH, is a resident of Charlotte County, Florida, and operator of 17 retail

stores in Southwest Florida doing business under the trademarked name "The King of Vape," and is *sui juris*.

7. Defendant NEWS CORPORATION (NWS) is a Delaware-registered, global media and information services company headquartered in New York, New York.

8. Defendant NYP HOLDINGS, INC. (NYP) is a Delaware corporation with its headquarters in New York, New York. NYP is the publisher and owner of the New York Post newspaper and NYPost.com, among others.

9. Defendant NEW YORK POST (POST) is a news outlet engaged in the business of gathering and disseminating information to the general public.

10. Defendant JOSH CHRISTENSON (CHRISTENSON) is an employee who posts blogs on the NYPost.com as part of his employment for the POST.

## STATEMENT OF FACTS

11. On March 10, 2025, Defendant published a piece entitled "Florida's Israel-hating 'King of Vape' faces bipartisan crackdown on sale of illicit, kid-friendly Chinese e-cigs" on NYPost.com (the "Article").[1]

12. In this Article, Defendant CHRISTENSON made several materially false claims regarding SHRITEH, including, but not limited to, claims that SHRITEH was the cofounder of a company named Safa Goods, and that SHRITEH is involved in a lawsuit filed by New York Attorney General Letitia James related to the sale of illicit Chinese e-cigs to minors in the State of New York, and that SHRITEH was an "Israel hat[er]" with a history of anti-Israel advocacy and that an Israeli court ruled that he was a supporter of the terrorist organization Hamas.

---

[1] https://nypost.com/2025/03/10/us-news/floridas-israel-hating-king-of-vape-faces-bipartisan-crackdown-on-sale-of-illicit-kid-friendly-chinese-e-cigs/

13. Defendants' claim that SHRITEH was a cofounder of Safa Goods is objectively false.

14. SHRITEH does not own or operate a company named Safa Goods; nor did SHRITEH "cofound" Safa Goods.

15. Defendants' claim that SHRITEH is a party to the lawsuit brought by New York Attorney General Letitia James is false.

16. SHRITEH has not been named in any legal complaint filed against Safa Goods, including by the New York Attorney General; nor could he, as he has no legal relationship with Safa Goods.

17. Defendants' claims that SHRITEH deals in "illicit" goods sold to minors is entirely baseless and an utter misrepresentation of the facts.

18. SHRITEH is a law-abiding citizen and business owner who operates a chain of 17 vape retail stores in southwest Florida.

19. SHRITEH follows all applicable state and federal age regulations regarding the sale of vape and tobacco products.

20. SHRITEH's stores only sell to customers over the age of 21 and have strict policies in place to ensure that all products are sold responsibly and only to qualifying customers.

21. Defendants' claim that SHRITEH hates Israel and has a "history of anti-Israel advocacy" is utterly devoid of factual support.

22. Prior to immigrating to the United States in 2000, SHRITEH was a respected journalist working in Gaza and reporting for the *New York Times, Reuters,* and *CBS News*, whose courageous efforts were recognized in 1993 when he received the John R. Aubuchon "International Freedom of the Press Award."

23. SHRITEH also co-authored a book, *Beyond Intifada*, with esteemed Israeli professors,

Haim and Rivca Gordon, which offers personal accounts from individuals living in Gaza, and has been recognized for its contribution to understanding the human impact of the Israeli-Palestinian conflict.

24. Defendants' claim that an Israeli court found that SHRITEH aided Hamas by virtue of his factual reporting over thirty-four years ago is false and was made with the malicious intent to create suspicion where none exists.

25. SHRITEH has *never* been a member of Hamas, *never* supported Hamas in any capacity, and has *never* been affiliated with Hamas in any manner.

26. Moreover, SHRITEH has never been convicted of any crime, in any country.

27. Lastly, the Article mentions the abhorrent October 7, 2023, terror attacks launched by Hamas, in a transparent attempt to link SHRITEH with terrorism and further tarnish his reputation.

28. The Article written and published by Defendants was made with the intent to push a false narrative, relying on ethnic prejudice and bombastic claims, rather than facts.

29. All conditions precedent to this action have been waived, excused, and/or fulfilled.

## COUNT I – LIBEL *PER SE*

30. Plaintiff hereby readopts and realleges paragraphs 1 through 29 as though fully set forth herein.

31. On March 10, 2025, Defendant published a piece entitled "Florida's Israel-hating 'King of Vape' faces bipartisan crackdown on sale of illicit, kid-friendly Chinese e-cigs" on NYPost.com[2]

---

[2] https://nypost.com/2025/03/10/us-news/floridas-israel-hating-king-of-vape-faces-bipartisan-crackdown-on-sale-of-illicit-kid-friendly-chinese-e-cigs/

32. In this article, Defendant CHRISTENSON made several materially false claims regarding SHRITEH.

33. CHRISTENSON made such materially false statements with utter disregard for their veracity and the impact that such false claims would have upon SHRITEH, his reputation, and his business ventures.

34. On March 17, 2025, SHRITEH, by and through counsel, informed Defendants of the false claims within the Article, attempted to correct the records by providing Defendants with the true facts underlying the falsehoods published by Defendants, and demanded that Defendants retract the false and defamatory statements and issue a retraction and apology. Defendants refused to do so, claiming that its statements were a "matter of protected opinion."

35. The statements made by Defendants and published to third parties about SHRITEH are false and defamatory.

36. At the time such statements were made and published by Defendants, Defendants knew or should have known that they were false and defamatory.

37. Defendants published these false statements about SHRITEH negligently, knowing that they were false and/or with reckless disregard as to their truth.

38. Numerous third parties have read and heard of the false and defamatory statements.

39. The false statements made and published by Defendants were not privileged.

40. Defendants made and published statements for which there was no factual basis.

41. The statements made and published by Defendants with actual malice and in bad faith, with ill-will directed towards SHRITEH.

42. Defendants possessed the correct factual information and had access to the facts proving

that their statements were materially false.

43. The false statements made and published by Defendants harm SHRITEH's reputation in the community as well as cause harm to his lawful business ventures, and are meant to deter third parties from dealing with him and constitute defamation *per se.*

44. As a proximate result of Defendants' maliciously false and defamatory statements to third parties, SHRITEH has been damaged.

45. SHRITEH seeks punitive damages as the false and defamatory statements made and published by Defendants were made with actual malice towards SHRITEH.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter judgment in its favor for all reasonable damages, including but not limited to, consequential and incidental damages, attorneys' fees and costs, punitive damages, accrued interest, and other such relief that the honorable Court deems just and proper.

## COUNT II – LIBEL *PER QUOD*

46. Plaintiff hereby readopts and realleges paragraphs 1 through 29 as though fully set forth herein.

47. The statements made and published by Defendants to third parties regarding SHRITEH are false and defamatory.

48. At the time the statements were published, Defendants knew or should have known of their falsity.

49. Defendants wrote and published such false statements negligently, with knowledge of their falsity and/or reckless disregard as to their truth.

50. These statements were not privileged in any manner.

51. The statements written and published by Defendants were done so with actual malice and in bad faith, with ill-will directed towards SHRITEH and a total disregard for the truth.

52. The false statements written and published by Defendants harm SHRITEH's reputation and are intended to harm his professional reputation within the community and deter third parties from engaging or doing business with him.

53. Specifically, the Article states that an Israeli court found that SHRITEH aided Hamas by virtue of his factual reporting over thirty-four years ago is made with the malicious intent to create suspicion where none exists.

54. The Article, purportedly about e-cigs, mentions the abhorrent October 7, 2023, terror attacks launched by Hamas, in a transparent attempt to fabricate a non-existent link between SHRITEH and Hamas, a terrorist organization responsible for thousands of civilian deaths in a transparent effort to further tarnish his reputation.

55. The Article written and published by Defendants was made with the intent to push a false narrative, relying on ethnic prejudice and bombastic claims, rather than facts.

56. As a direct and proximate result of Defendants' false and defamatory statements, SHRITEH has been damaged.

57. As Defendants' defamatory statements were made intentionally, with actual malice towards SHRITEH, SHRITEH is entitled to an award of punitive damages.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter judgment in its favor for all reasonable damages, including but not limited to, consequential and incidental damages, attorneys' fees and costs, punitive damages, accrued interest, and other such relief that the honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 15th day of April 2025.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to amend its complaint to bring such other and further claims against Defendants for their wrongful conduct, which are learned or may accrue during the course of discovery.

Respectfully submitted,
CUETO LAW GROUP P.L.
Attorneys for Plaintiff
2100 Ponce de Leon Blvd., Suite 1050
Coral Gables, Florida 33146
Tel.:(305) 777-0377
Fax:(305) 777-0449
Email:  Jcareaga@Cuetolawgroup.com

By:/s/ Joel Careaga

JOEL CAREAGA, ESQ.
Florida Bar No.: 1048693

By:/s/ Santiago A. Cueto

SANTIAGO A. CUETO, ESQ.
Florida Bar No.: 0162566

STIERS LAW, P.A.
*Co-counsel for Plaintiff*
The Thyssen Building
1000 Fifth Street, Suite 204
Miami Beach, Florida 33139
Tel.:(305) 509-6511
Fax:(844) 309-9046
Email:  eli@stierslaw.com

By:/s/ L. Elijah Stiers, Esq.
Florida Bar No.: 737070