UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAHER SHRITEH,

    Plaintiff,

v.                                    Case No.:   2:25-cv-704-SPC-KCD

NYP HOLDINGS, INC. and JOSH
CHRISTENSON,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Taher Shriteh's Amended Complaint. (Doc. 13). As outlined below, the Court dismisses without prejudice Plaintiff's amended complaint for lack of subject-matter jurisdiction.

This is a libel action. Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction requires that the plaintiff and defendants are citizens of different states. 28 U.S.C. § 1332(a)(1). To establish his citizenship, Plaintiff alleges that he is a "resident of Charlotte County, Florida." (Doc. 13 ¶ 6). But "residency is not the same as citizenship." *See Norvilus-Foreste v. Walmart Stores E., LP*, No. 2:23-CV-163-SPC-NPM, 2023 WL 2918599, at *1 (M.D. Fla. Apr. 12, 2023) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Rather, a person's citizenship is determined by his "domicile" or "the place of his true, fixed, and permanent

home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). So Plaintiff must allege his domicile, not his residency.

What's more, Plaintiff never alleges the citizenship of Defendant Josh Christenson. He simply asserts that Christenson "is an employee that posts blogs on the NYPost.com as part of his employment for the POST." (Doc. 13 ¶ 8). This is meaningless for subject-matter jurisdiction.

There is more. Plaintiff alleges Defendant NYP Holdings, Inc. is a "Delaware corporation with its headquarters in New York, New York." (Doc. 13 ¶ 7). This too is insufficient. A corporation (like NYP Holdings) is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff's assertion that NYP Holdings is "headquartered" in New York does not establish its principal place of business. *See Faller v. Beasley Broad. Grp., Inc.*, No. 2:24-CV-606-SPC-KCD, 2024 WL 4651863, at *6 (M.D. Fla. Nov. 1, 2024) (finding "headquarter" allegation insufficient to establish a corporation's citizenship); *AUM Realty II FL, LLC v. Vantage Risk Specialty Ins. Co.*, No. 2:24-CV-635-SPC-NPM, 2024 WL 4045379, at *2 (M.D. Fla. July 19, 2024) ("For diversity jurisdiction purposes, the Court is concerned with a corporation's principal place of business, not its headquarters."). Rather, a corporation's principal place of

business is its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). This is the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* So Plaintiff's "headquarter" allegation is insufficient to establish NYP Holdings' citizenship.

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). "In a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse." *Kunce v. SPM of Alabama, LLC*, No. 6:25-CV-533-PGB-RMN, 2025 WL 974674, at *1 (M.D. Fla. Apr. 1, 2025). Because Plaintiff has not properly established any party's citizenship, the Court's jurisdiction is uncertain.

One more issue. Plaintiff originally filed this action in the Southern District of Florida. That court found venue in the Southern District was improper and transferred the case here. But venue still seems unclear. In the second-amended complaint, Plaintiff must clarify the appropriate venue.

Accordingly, it is now

**ORDERED:**

3

1. Plaintiff Taher Shireth's amended complaint (Doc. 13) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. Plaintiff may file an amended complaint on or before **August 22, 2025**. **Failure to do so will cause the Court to close this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 8, 2025.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record