UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAHER SHRITEH,

     Plaintiff,

v.                                                   Case No.:  2:25-cv-704-SPC-DNF

NYP HOLDINGS, INC. and JOSH
CHRISTENSON,

     Defendants.

---

## OPINION AND ORDER

Before the Court is Defendants NYP Holdings, Inc. and Josh Christenson's (jointly, "Defendants") Motion to Dismiss.  (Doc. 58).  Plaintiff Taher Shriteh responded (Doc. 61), and Defendants replied (Doc. 65).  For the below reasons, the Court grants the motion.

### Background[1]

This is a defamation case.  Plaintiff operates seventeen vape retail stores in southwest Florida under the trademark name "the King of Vape." Christenson, writing for the *New York Post*, authored and published an article about Plaintiff titled, "Florida's Israel-hating 'King of Vape' Faces Bipartisan

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

Crackdown on Sale of Illicit, Kid-Friendly Chinese E-cigs." (Doc. 58-3). The article allegedly included several false statements about Plaintiff resulting in damages.

Plaintiff brings two claims: defamation per se and defamation per quod. (Doc. 55). Defendants move to dismiss the case arguing Plaintiff fails to allege actual malice and damages, and the Court lacks subject matter jurisdiction. (Doc. 58).

## Legal Standard

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

2

## Analysis

As it must, the Court first addresses subject matter jurisdiction. *See United States v. Meyer*, 50 F.4th 23, 31 (11th Cir. 2022) ("Indeed, a federal court cannot address the merits of a dispute unless it satisfies itself that subject-matter jurisdiction exists."). Plaintiff brings this action based on diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 55 ¶ 3). Diversity jurisdiction requires that the plaintiff and defendants are citizens of different states. 28 U.S.C. § 1332(a)(1). In his prior complaint, Plaintiff established diversity by alleging he is domiciled in Florida whereas Defendants are New York, Delaware, and Virginia citizens. (Doc. 29 ¶¶ 6–8). However, in the Third Amended Complaint, Plaintiff alleges he is a Florida *resident*, as opposed to citizen. Given residency is not the same as citizenship, Defendants argue this change suggests Plaintiff is no longer a Florida citizen, raising doubt as to this Court's jurisdiction. (Doc. 58 at 22). Not so.

Even assuming Plaintiff is no longer a Florida citizen, "[d]iversity citizenship must be present at the time the Complaint is filed . . . and is unaffected by subsequent changes in the citizenship of the parties." *Gavin v. Teraphysics Corp.*, No. 2:18-CV-532-FTM-38-MRM, 2019 WL 13063429, at *1 (M.D. Fla. Apr. 16, 2019) (citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)); *see also Hope Hospice, Inc. v. United States*, No. 2:22-CV-01365-SGC, 2023 WL 8357960, at *7 (N.D. Ala. Dec. 1, 2023) ("But an amended complaint

cannot create or destroy subject matter jurisdiction by altering the facts as they existed at the time of commencement of the action."). Because the parties were diverse at this case's inception (and Defendants do not argue otherwise), any subsequent change in Plaintiff's citizenship is irrelevant. The Court thus has subject matter jurisdiction over this case.

Regardless, the Court dismisses this case because Plaintiff again fails to allege actual malice. "Because of the expressive freedom guaranteed by the First Amendment, a defendant may not be held liable for defaming a public figure about a matter of public concern unless he is shown to have acted with actual malice." *Berisha v. Lawson*, 973 F.3d 1304, 1310 (11th Cir. 2020) (citations omitted). "Determining whether an individual is a public figure— and thus subject to the actual malice analysis—is a question of law for the court to decide." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016).

When ruling on a prior motion to dismiss, the Court determined Plaintiff is a public figure subject to the actual malice standard. (Doc. 54 at 8). Why? Because Plaintiff's own allegations indicated he was a public figure. Specifically, in the Second Amended Complaint (and each preceding complaint), Plaintiff alleged that prior to immigrating to the United States in 2000, he was "a respected journalist working in Gaza and reporting for the *New York Times, Reuters*, and *CBS News*, whose courageous efforts were recognized

in 1993 when he received the John R. Aubuchon International Freedom of the Press Award." (Doc. 29 ¶ 20). He also alleged he co-authored a book, *Beyond Intifada*, with "esteemed Israeli professors" which "has been recognized for its contribution to understanding the human impact of the Israeli-Palestinian conflict." (*Id.* ¶ 21). And he repeatedly alleged that Defendants issued and made the defamatory statements with actual malice. (*Id.* ¶¶ 43, 47, 53, 59). The Court held that these allegations indicate he is a public figure and, thus, he must allege Defendants acted with actual malice. (Doc. 54 at 8–9 (citing *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1122 (S.D. Fla. 2021)). And because Plaintiff failed to plausibly do so, the Court dismissed the Second-Amended Complaint with leave to amend to adequately allege actual malice.[2] (Doc. 54 at 9–10).

Rather than comply with the Court's directive and sufficiently allege actual malice, Plaintiff tried to get clever. In the Third-Amended Complaint, Plaintiff *removed* all factual allegations the Court relied upon when determining Plaintiff is a public figure. (*See generally* Doc. 55). And he now argues he does not need to allege actual malice because nothing in the Third

---

[2] The Court also permitted Plaintiff leave to adequately allege damages, which he failed to do in the Second Amended Complaint. (Doc. 54). But the Court need address whether he rectified this deficiency.

Amended Complaint suggests he is a public figure. (Doc. 61). But such creative pleading will not fly.

When a court permits a plaintiff leave to amend after dismissing a complaint, a plaintiff does not have carte blanche to amend as he sees fit. Rather, the amendment is limited to the scope permitted and instructed by the court—*i.e.*, to correct identified pleading deficiencies. *Cf. Horsman v. Cooney*, No. 2:23-CV-1205-SPC-KCD, 2025 WL 1068790, at *4 (M.D. Fla. Apr. 8, 2025) (holding "leave was solely to rectify the pleading deficiencies in the amended complaint, not to add new claims"); *Hooker v. Off. of Pers. Mgmt. & Dep't of Veteran Affs.*, No. 8:20-CV-1248-WFJ-CPT, 2021 WL 372827, at *3 (M.D. Fla. Feb. 3, 2021) ("The order dismissing the initial complaint with leave to amend does not grant leave to add totally new claims."); *Zarrella v. Pac. Life Ins. Co.*, 809 F. Supp. 2d 1357, 1372 (S.D. Fla. 2011) ("Though the March 29th Order did not specifically limit Plaintiffs in amending their pleading, the Order also did not provide Plaintiffs with a carte blanche to begin their case over again."). And although a court generally will grant leave to amend under Federal Rule of Civil Procedure 15(a), the court need not do so if the plaintiff is acting in bad faith. *See Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (explaining a district court may deny leave to amend on grounds such as "bad faith or dilatory motive on the part of the movant").

Not only was Plaintiff's amendment *omitting* allegations that implicate him as a public figure incompliant with the permitted leave to *add* factual allegations of actual malice, but the amendment was clearly a calculated effort to end-run the Court's order concluding Plaintiff is a public figure. Permitting such bad-faith tactics would allow Plaintiff "to manipulate the course of litigation." *Andrade v. Miami Dade Cnty.*, No. 09-23220-CIV, 2011 WL 4345665, at *6 (S.D. Fla. Sept. 16, 2011) (finding the plaintiff's revised pleading "to be in bad faith" because rather than repleading a failure to intervene claim as the court instructed, he transformed it into an excessive force claim). Put simply, Plaintiff's allegations in the second amended complaint let the cat out of the bag that he is a public figure. He cannot put the cat back into the bag in the hope of keeping his case alive.

On that score, Plaintiff still has not plausibly alleged facts suggesting Defendants acted with actual malice. He does not even try. And the Court construes his attempt to dodge status as a public figure and avoid pleading actual malice as a concession that he cannot do so. Because the Court already provided Plaintiff an opportunity to cure this deficiency, the Court dismisses Plaintiff's complaint with prejudice. *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 903 (11th Cir. 2020) ("A district court need not allow an amendment where there has been repeated failure to cure deficiencies by amendments previously allowed." (cleaned up)); *Carvel v. Godley*, 404 F. App'x

359, 361 (11th Cir. 2010) ("[R]epeated failure to cure deficiencies by amendments previously allowed . . . can justify dismissal with prejudice." (cleaned up and citation omitted)).

One more point. In his response, Plaintiff also moves under Rule 54(b) for the Court to reconsider its prior holding that he is a public figure. (Doc. 61). But he cannot seek affirmative relief through a response brief. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Armington v. Dolgencorp, Inc.*, No. 3:07-CV-1130-J-JRK, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009) ("It is not appropriate to seek an order for affirmative relief in a response to a motion."). So the Court will not consider this request for relief.

Accordingly, it is now **ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 58) is **GRANTED.**

2. Plaintiff's Third Amended Complaint (Doc. 55) is **DISMISSED** with prejudice.

3. The Clerk is **DIRECED** to enter judgment for Defendants, deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

8